# J. Henry F. Huth *v.* Central Railroad of New Jersey, Appellant.

*Negligence—Grade crossings — Collision — Roadway — Maintenance of—Case for jury.*

In an action of trespass to recover for damages to an automobile, it appeared that the plaintiff's truck was stalled in the cinders covering a roadway over a grade crossing, and was struck by an approaching train. The evidence as to the exact position of the truck was conflicting, but the testimony of the plaintiff was that it was in a traveled portion of the roadway, and that it sank into soft cinders placed on the crossing by the defendant company.

Under such circumstances, the case was for the jury, and a verdict for the plaintiff will be sustained.

Argued December 3, 1923. Appeal, No. 112, Oct. T., 1923, by defendant, from judgment of C. P. Lehigh Co., June T., 1921, No. 40, on verdict for plaintiff in the case of J. Henry F. Huth v. Central Railroad of New Jersey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for damages to automobile. Before BARBER, P. J., 56th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,520.10 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Harry W. Steckel,* of *Aubrey, Steckel & Senger,* for appellant.

*Ralph H. Schatz,* and with him *Dewalt & Heydt,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The assignments of error present the inquiry whether there was evidence which required the submission of the case to the jury. The obligation of the defendant to maintain the highway crossing is admitted; nor is there any dispute as to the fact that the plaintiff's truck was stalled in cinder or ashes placed on the highway at the crossing. The track was reached on an ascending grade and the cinder was placed on the crossing apparently to bring the level of the highway up to the grade of the rails of the defendant's road. It is clearly established by the testimony that when the truck approached the track the left front wheel sank into the ashes up to the axle—the axle resting on the rail of the track. It was impossible to move the truck by its own power and before any effective action could be taken to extricate it a train on the defendant's road struck it producing the damage claimed. The principal contention of the appellant is that the truck was not on the crossing, but at one side of it and that this accounts for the stalling and the injury. The testimony relied on in support of this view was produced in the cross-examination of Raymond Smith, a witness for the plaintiff, as follows: "Q. This crossing was made up of cinders? A. Yes. Q. You said your left front wheel sank? A. Yes. Q. This left front wheel, will you state whether it was on or off the crossing? A. Off the crossing." This the appellant's counsel construes to mean that the truck was off the highway, but that is not the probable meaning of the witness, nor is it clear that the witness was referring to the location of the truck before rather than after it went into the cinder. The word "crossing" in the inquiry may have been and probably was understood by the witness as that part of the highway over the defendant's rails. But the plaintiff's case does not rest wholly on the testimony of this witness. Another witness who was riding in the truck said the cinders gave way and threw the truck to the edge of the road; the truck was on the crossing. The evidence was that the truck was driven in the

usual manner at moderate speed along the highway; that in approaching the rails the left wheels went into the cinders, especially the left front wheel, at the rail and it was clearly for the jury to ascertain from this and the other evidence in the case whether the car was driven off the wagon way along which vehicles passed. It was a much traveled highway passing over the defendant's right-of-way where there were two tracks at a place where presumably the crossing was of considerable width. The testimony of one witness estimated it to be about eighteen feet. It is obvious that the placing of cinders at the crossing to the depth indicated by the evidence for the plaintiff would tend to mislead one driving in the nighttime as the plaintiff's employee was doing, and it is therefore incumbent on the party responsible for the maintenance of the crossing to so construct it that persons using the highway may not be deceived as to its stability. The court could not consistently with the weight of the evidence have declared that the plaintiff was guilty of contributory negligence; nor was it manifest that the defendant was not responsible for the manner in which the approach to the crossing was constructed with reference to the quantity of cinder used and the insufficiency of that material to sustain the heavy service on the highway. It is contended by the appellant that the gravamen of the defendant's default as charged in the statement of claim was the neglect to cover the crossing with plank, but the case is not rested on that charge of duty. The neglect is said to be that the defendant "did carelessly and negligently so maintain the crossing aforesaid that it was dangerous to vehicles to cross said railroad tracks at the aforesaid crossing" and the evidence is directed to this alleged breach of duty. If the defendant's shortcoming caused the plaintiff's truck to be in the predicament which resulted in its demolition, the question of such responsibility was properly submitted to the jury.

The assignments are overruled and the judgment affirmed.